IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00332-RPM-BNB

REINER RIEZLER, and SEVERI MED GmBH,

    Plaintiffs,

v.

ROBERT H. ALLEN, SALLY P. STABLER,

and METABOLITE LABORATORIES, INC.,

    Defendants.

_____

**STIPULATED PROTECTIVE ORDER CONCERNING**

**CONFIDENTIAL INFORMATION**
_____

Plaintiffs Reiner Riezler and Severi Med GmBH (collectively, "Plaintiffs") and Defendants Robert H. Allen, Sally P. Stabler, and Metabolite Laboratories, Inc. (collectively, "Defendants"), by their attorneys, jointly submit for the Court's approval the following Stipulated Protective Order ("Order) concerning confidential information. Plaintiffs and Defendants stipulate as follows:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, affidavits, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Plaintiffs and Defendants and non-parties may designate material or information, whether embodied in documents, things, deposition testimony, interrogatory answers, or other materials, as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY." Information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be disclosed or used for any purpose except the preparation and trial of this case.

(a) As hereinafter used, the term "Confidential Information" when designated by any party or non-party means material or information not known to the general public that is produced in this litigation by one party to the other or by a non-party that the producing party deems to be confidential or proprietary, including, but not limited to, confidential technical, financial, and business information that could provide a competitive advantage to nonparties, and that is designated as CONFIDENTIAL in the manner described herein. Confidential Information may not be shared by any party to these proceedings or its attorneys with any person who is not a "Qualified Person" as identified in Paragraph 4 hereof.

(b) As hereinafter used, the term "Attorneys' Eyes Only Information," when designated by any party or non-party, means material or information not known to the general public that is produced in this litigation by one party to another party or by a non-party that the producing party deems to be confidential or proprietary, including, but not limited to, confidential technical, financial, and business information that could provide a competitive

advantage to any party to this litigation, and that is designated ATTORNEYS' EYES ONLY in the manner described herein. Attorneys Eyes' Only information may not be shared by any of the attorneys to these proceedings with any person who is not a "Qualified Person" as defined in Paragraph 5 hereof.

    (c)    "Confidential Information" and "Attorneys' Eyes Only Information" includes all such designated information, whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, in hearing(s) or trial transcripts, in responses to requests for admissions, or is otherwise made available to counsel for either party in this action. The restriction set forth in this Protective Order shall not apply to information and material which (a) was, is, or becomes public knowledge, in a manner that is not in violation of this Protective Order; or (b) is acquired from a third party lawfully possessing such information and/or having no obligation with regard to its disclosure.

4. With respect to CONFIDENTIAL Information, "Qualified Person" shall mean:

    (a)    Reiner Riezler, Robert Allen, and Sally Stabler;

    (b)    the parties' litigation counsel of record or members of such counsel's firm who are actively working on the case for the respective parties to this litigation, including associates, paralegals, clerical, secretarial and administrative employees of such counsel assigned to assist in the preparation of this litigation;

    (c)    attorneys for the respective parties and businesspeople who are advising the parties. This includes paralegals, clerical, secretarial and administrative employees of such individuals assigned to assist in the

preparation of this litigation (together with the persons identified in subparagraph (b) above, "Counsel");

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

(g) outside photocopy, imaging, database, graphics, trial and jury preparation and design services retained by the persons listed in (b) - (c) above, to the extent necessary to assist such attorneys in this litigation;

(h) any author, recipient (actual or alleged), or producing party of such "CONFIDENTIAL" material;

(i) deponents, witnesses, or potential witnesses; and

(j) other persons by written agreement of the parties.

5. With respect to all ATTORNEYS' EYES ONLY INFORMATION, "Qualified Person" shall mean the individuals identified in paragraphs 4(b) - 4(j).

6. Prior to disclosing any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information to any person listed in paragraphs 4(a), 4(d), 4(i) (except as discussed below), or 4(j), counsel shall provide that individual with a copy of this Protective Order and that individual shall deliver a written acknowledgment, in the form attached hereto as Attachment A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. Third-party deponents may be shown CONFIDENTIAL AND ATTORNEYS EYES ONLY information at a deposition if that individual first agrees to be bound by ¶ 3 and Attachment A of this Order.

7. CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall not include any documents, information, or other material which:

(a) have been or become part of the public domain by publication or otherwise, other than by any unauthorized act or omission on the part of the receiving party (including its agents, experts, or attorneys) or a nonparty alleged to have a duty to maintain such documents, information, or other material as confidential; or

(b) was both lawfully obtained by and lawfully retained in the possession of the receiving party prior to and apart from this litigation; or

(c) the receiving party lawfully receives from a nonparty who obtained the same by legal means and without any obligation of confidentiality to the party claiming its confidential nature.

8. Nothing herein shall restrict a party's use of its own CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

9. If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

10. Any person in possession of CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall exercise reasonable and appropriate care with regard to the storage, custody, or use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information in order to ensure that the confidential nature of the same is maintained.

11. If a party wishes to file material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY with the Court, or to discuss material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in papers filed with the Court, that party must file a separate motion to seal and comply with all local rules regarding motions to seal.

12. Documents are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Documents produced or information provided prior to the entry of this Protective Order may be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by written reference to the information or to the production numbers on the documents.

13. Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

14. An entity which is not a party to this litigation may take advantage of the protection of CONFIDENTIAL or ATTORNEYS' EYES ONLY information provided by this Order, and such entity shall be entitled to all rights and protections afforded the parties under this Order.

15. Inadvertent failure to designate any document, information, or other thing as containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be corrected by supplemental written notice, which designation shall operate prospectively pursuant to the terms of this Order.

16. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation the receiving attorney promptly shall collect all copies of the documents and return them to the producing party. In the event that the receiving party believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to such documents, the receiving party shall within thirty (30) days following designation as "Attorney Client Privilege" or "Attorney Work Product" file a motion to compel production of such documents; otherwise, any such motion to compel shall be deemed waived.

17. A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as

CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

18. Nothing in this Protective Order shall prevent or otherwise restrict attorneys from rendering advice to their clients and, in the course thereof, relying generally on materials designated as ATTORNEYS' EYES ONLY; provided, however, that in rendering such advice and otherwise communicating with such client(s), attorneys shall not specifically or generally disclose any item or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to people other than those permitted to receive such information pursuant to Paragraphs 4 and 5 above.

19. At the conclusion of this case including through all subsequent appeals and/or remands, or within 90 days thereafter, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents; provided, however, each party's trial counsel shall have the right to retain documents constituting work product or attorney-client privileged

communications, a copy of pleadings, deposition transcripts, and deposition or trial exhibits in its offices. Where the parties agree to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

20. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED:

DATED this 9th day of October, 2008.

BY THE COURT:

s/Richard P. Matsch

United States District Court Judge

APPROVED:

Dated:   October 7, 2008                    Dated:   October 7, 2008



 *s/ Jane Michaels*                          *s/ Glenn K. Beaton*
 Jane Michaels                               Glenn K. Beaton
 Holland & Hart, LLP-Denver                  GIBSON, DUNN & CRUTCHER LLP
 P.O. Box 8749                               1801 California Street, Suite 4200
 555 17th Street, #3200                      Denver, CO 80202-2641
 Denver, CO 80201-8749                       Telephone: (303) 298-5700
 Telephone: 303-295-8000                     Fax: (303) 296-5310
 Fax: 303-295-8261                             Attorneys for Defendants

 Thomas P. Heneghan
 Edward J. Pardon
 MICHAEL BEST & FRIEDRICH LLP
 One South Pinckney Street, Suite 700
 Madison, WI  53701-1806

 Jeffrey S. Ward
 MICHAEL BEST & FRIEDRICH LLP
 Two Prudential Plaza
 180 N. Stetson, Suite 2000
 Chicago, IL  60601

Attorneys for Plaintiffs


08-cv-00332-RPM_Ord.wpd

# Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00332-RPM-BNB

REINER RIEZLER, and SEVERI MED GmBH,

    Plaintiffs,

v.

ROBERT H. ALLEN, SALLY P. STABLER,

and METABOLITE LABORATORIES, INC.,

    Defendants.

---

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

    I, _____, acknowledge my responsibility in accordance with the attached Protective Order Concerning Confidential Information in the above-referenced civil action and agree to be bound thereby. I have read the Protective Order and understand its contents. I expressly agree and consent to the personal jurisdiction of the Court hearing this matter for the purposes of enforcement of the Protective Order Concerning Confidential Information. I understand and acknowledge that violation of the Protective Order may be punishable as contempt of court.

| Date | Signature |
|---|---|
| | Name |
| | Address |