CLERK'S OFFICE COPY

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1528

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR 1 5 2010
GREGORY C. LANGHAM
CLERK

REINER RIEZLER and SEVERI MED GMBH,

Plaintiffs-Appellees,

v.

ROBERT H. ALLEN AND SALLY P. STABLER,

Defendants-Appellants,

and

METABOLITE LABORATORIES, INC.,

Defendant.

Appeal from the United States District Court for the District of Colorado in case no. 1:08-CV-00332, Judge Richard P. Matsch.

ORDER

Before BRYSON, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

Defendants-Appellants Robert H. Allen ("Allen") and Sally P. Stabler ("Stabler") appeal from an order denying their motion to dismiss the claims against them. Plaintiffs-Appellees Reiner Riezler and Severi Med GmbH brought three types of claims in the district court against Defendants-Appellants: (1) federal claims for correction of inventorship under 35 U.S.C. § 256; (2) state tort claims for fraudulent nondisclosure; and (3) state tort claims for unjust enrichment. Defendants-Appellants filed a Rule 12(b)(1) and 12(b)(6) motion to dismiss all claims against them on the grounds that they

are barred by the the Eleventh Amendment and the Colorado Governmental Immunity Act ("CGIA"). Colo. Rev. Stat. § 24-10-101 et. seq. The district court treated the motion as a motion for summary judgment, and denied the motion.

We have determined that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(1) and the collateral order doctrine; that summary judgment was appropriate with respect to the Eleventh Amendment claim of immunity; that there is no basis for immunity under the CGIA with respect to acts taken before December 29, 1992, because there are no allegedly wrongful acts taken before that date; and that there is no basis for a claim of immunity on or after March 11, 1993, because any actions taken after that date were not taken by Allen and Stabler within the scope of their employment by the University of Colorado. However, we are unable to conclude from the record whether Allen and Stabler were acting within the scope of their employment between the period of the filing of the first patent application on December 29, 1992, and the assignment of rights to Metabolite on March 11, 1993, and whether Stabler is alleged to have committed any wrongful acts during that period.

Accordingly, the record is remanded to the district court to determine whether Allen and Stabler were acting in the scope of their employment between December 29, 1992, and March 11, 1993, and whether Stabler is alleged to have committed any wrongful acts during that period. Such a jurisdictional determination may be made by the district court pursuant to Fed. R. Civ. P. 12(b)(1) without an evidentiary hearing.

Following the district court's disposition of the issue, the case should be returned to this court, at which time the parties shall file letter briefs with this court directed solely to the remand decision by the district court. These letter briefs shall be no longer than

five pages, single-spaced, and shall be filed within two weeks after the date of the issuance of the remand decision in the district court. No further oral argument is contemplated.

This court retains jurisdiction during the pendency of the limited remand. The opinion in this case will issue at a later date.

Accordingly,

IT IS ORDERED THAT:

The record is remanded to the district court to determine whether Allen and Stabler were acting in the scope of their employment between December 29, 1992, and March 11, 1993, and whether Stabler is alleged to have committed any wrongful acts during that period. This court retains jurisdiction during the pendency of the limited remand. Following the district court's disposition, the case should be returned to this court, at which time the parties shall file letter briefs with this court directed solely to the remand decision. These letter briefs shall be no longer than five pages, single-spaced, and shall be filed within two weeks after the date of the issuance of the remand decision by the district court.

FOR THE COURT

APR 1 3 2010  
Date

/s/ Jan Horbaly  
Jan Horbaly  
Clerk

cc: Edward J. Pardon  
Monique M. Drake  
Clerk, United States District Court for the District of Colorado

FILED  
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT

APR 1 3 2010

JAN HORBALY  
CLERK