IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00332-RPM

REINER RIEZLER and
SEVERI MED GmBH,

        Plaintiffs,

v.

ROBERT H. ALLEN,
SALLY P. STABLER,
ROBERT H. ALLEN, AS TRUSTEE OF THE ROBERT H. ALLEN REVOCABLE TRUST,
and
METABOLITE LABORATORIES, INC.,

        Defendants.

ORDER GRANTING DEFENDANTS' MOTION
TO MODIFY THE SCHEDULING ORDER

On September 10, 2010, the plaintiffs produced additional documents responsive to discovery requests propounded by the defendants in August 2008. These documents, which the plaintiffs previously had withheld on the basis of privilege, included two German patents owned by Medice and correspondence exchanged between representatives of Medice and the plaintiffs and their counsel during 2007 and 2008.

After obtaining translations of the German documents, the defendants moved to modify the scheduling order to extend the existing deadlines for discovery and dispositive motions. The defendants assert that they now need discovery from German residents Dr. Sigurd Pütter,

Mr. Jobst Krauskopf, Dr. Erich Elstner, and/or Mr. Oosten van de Vegte, to pursue information revealed in the recently produced documents.  According to the defendants, these witnesses may provide evidence disputing Dr. Riezler's claim of inventorship and the plaintiffs' claim that they are the rightful owners of the invention involved in this action.  The defendants proposed an extension to February 15, 2011, with the possibility of another extension because depositions scheduled according to Hague Convention procedures might not be completed by that date.

By order dated October 19, 2010, the defendants' motion was granted in part to permit Dr. Riezler's deposition to be taken on November 12, 2010.  The remainder of the request was deferred and the plaintiffs were ordered to respond by November 22, 2010.  The deadlines for dispositive motions were vacated by order dated November 15, 2010.

The plaintiffs oppose modification of the discovery deadline, arguing that the defendants have not been diligent in the pursuit of discovery.  The plaintiffs assert that the defendants have known for some time that these witnesses may have relevant information.  The plaintiffs contend that the documents produced in September 2010 did not provide substantially different information from information contained in documents the plaintiffs has already produced.  The plaintiffs also point out that the German patents were available in public records.

The defendants have shown good cause for extending the existing discovery deadline to obtain depositions in Germany.  The defendants are entitled to examine the German witnesses about information contained in documents produced by the plaintiffs for the first time in September 2010.

Accordingly, it is

ORDERED that the defendants' motion to modify the scheduling order is granted. The discovery cut-off is extended to March 15, 2011.

Dated: December 7, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge